UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE DOMINGO MARROQUIN IXCOY, et al.,<br>Petitioners,<br>v.<br>MARKWAYNE MULLIN, et al.,<br>Respondents. | No. 1:26-cv-09575-DAD-SCR<br><br>ORDER GRANTING PETITIONERS' PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONERS' MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT<br><br>(Doc. Nos. 1, 2) |

On November 19, 2026, petitioners Jose Domingo Marroquin Ixcoy and Gilmar Abigail Marroquin Ixcoy, proceeding with counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging their detention by United States Immigration and Customs Enforcement ("ICE") (Doc. No. 1) and a motion for temporary restraining order requesting their immediate release (Doc. No. 2).

In their habeas petition, petitioners allege the following facts. Petitioner Jose Domingo Marroquin Ixcoy ("Jose") entered the United States three years ago and petitioner Gilmar Abigail Marroquin Ixcoy ("Gilmar") entered the United States six years ago. (Doc. No. 1 at ¶ 23.) Petitioners are brothers who do not have any criminal history and work together in construction. (*Id.* at ¶¶ 23–24.) On November 17, 2026, petitioners were driving to a job site when they were

stopped by ICE officers and arrested. (*Id.* at ¶¶ 25–26.) Petitioners were not shown arrest warrants at the time that they were detained. (*Id.* at ¶ 26.) Petitioners allege on information and belief that a proper custody determination regarding whether petitioners pose a danger or flight was not made. (*Id.* at ¶ 27.)

On November 20, 2026, the court set a briefing schedule as to petitioners' motion for temporary restraining order and directed respondents to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided, including, as relevant here, *Zurita Navarro v. Warden, Cent. Valley Annex Det. Facility*, No. 1:26-cv-05661-DAD-SCR (HC), 2026 WL 2294963 (E.D. Cal. Aug. 10, 2026). (Doc. No. 4.) In that same order, the court directed that in the event respondents opposed the court ruling on the underlying petition based on the current briefing before it, respondents were to so indicate in the opposition and provide substantive reasons in support of that position. (*Id.*)

On November 24, 2026, respondents filed a combined response to the habeas petition and opposition to petitioners' motion for temporary restraining order. (Doc. No. 6.) Therein, respondents do not object to the court ruling on the merits of the habeas petition based on the present briefing. (*Id.* at 2.) Respondents further concede that this case is not substantively distinguishable from the cases cited in the court's November 20, 2026 order (Doc. No. 4). (Doc. No. 8 at 1.) Still, respondents argue that petitioners are lawfully detained pursuant to 8 U.S.C. § 1226(a) and are entitled by due process only to seek a custody redetermination hearing. (*Id.*)

In support of their opposition, respondents have provided unsworn Form I-213s, "Record[s] of Deportable/Inadmissible Alien[s]" which assert the following facts. On November 17, 2026, "ERO San Francisco" identified petitioner Jose as a person who may be unlawfully present in the United States and a Form I-200 warrant was issued for his arrest. (Doc. No. 6-1 at 2.) The same day at approximately 8:30 a.m., immigration officers stopped a truck that petitioner Jose was driving and petitioner Gilmar was a passenger in, and petitioners were detained. (*Id.* at 2–3, 6.) Respondents state that petitioner Jose was informed that there was an immigration warrant for his arrest. (*Id.* at 3.) Respondents do not state whether the identification of petitioner

Jose as a “target” and issuance of the warrant occurred before or after petitioner Jose was contacted by immigration officers. Respondents further do not state that petitioner Gilmar was identified as a person who may be unlawfully present in the United States prior to officers contacting him after the vehicle stop. Finally, respondents do not state that petitioner Gilmar was arrested pursuant to a warrant.

As to petitioner Jose, respondents have provided a copy of a Notice to Appear and a Notice of Custody Determination issued on November 17, 2026. (Doc. Nos. 6-3 at 1–3; 6-4 at 1.) Respondents have not provided a copy of a warrant for petitioner Jose’s arrest.

As to petitioner Gilmar, respondents have provided a copy of an arrest warrant, Notice to Appear, and Notice of Custody Determination issued on November 17, 2026. (Doc. Nos. 6-2 at 1; 6-3 at 4–6; 6-4 at 2.)

In light respondents’ concession that this case is not is not substantively distinguishable from the cases cited in the court’s November 20, 2026 order and the foregoing recitation of facts which clearly suggests that neither petitioner was arrested pursuant to warrant issued prior to their arrest, the court incorporates its prior reasoning set forth in *Zurita Navarro v. Warden, Cent. Valley Annex Det. Facility*, No. 1:26-cv-05661-DAD-SCR (HC), 2026 WL 2294963, at *2 (E.D. Cal. Aug. 10, 2026), in which the court determined that when the government fails to arrest a person following the issuance of a warrant as required by § 1226(a), immediate release is the appropriate remedy.

For the reasons explained above,

1. Petitioners’ petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:
   a. Respondents are ORDERED to immediately release petitioner Jose Domingo Marroquin Ixcoy, A-File No. 240-465-549, from respondents’ custody;
   b. Respondents are ORDERED to immediately release petitioner Gilmar Abigail Marroquin Ixcoy, A-File No 240-465-550, from respondents’ custody;

c. Respondents are ENJOINED AND RESTRAINED from re-detaining both petitioners for any purpose, absent exigent circumstances, without providing petitioners notice and a pre-detention hearing before an immigration judge, at which hearing the burden will be set in accordance with 8 U.S.C. § 1226(a) and its implementing regulations;

2. Petitioners' motion for temporary restraining order (Doc. No. 2) is DENIED as having been rendered moot by this order granting *habeas* relief;

3. The Clerk of the Court is directed to serve a copy of this order on the California City Detention Facility; and

4. The Clerk of the Court is also directed to ENTER judgment in favor of petitioners

IT IS SO ORDERED.

Dated: **November 24, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE